Nov. Term, 1858.

MADDOX v. MILLER.

(1) *Ante,* 104.

------

## MADDOX *v.* MILLER.

*Wednesday, December 8.*

APPEAL from the *Jay* Court of Common Pleas.

HANNA, J.—This was a suit by *Miller* against *Maddox* and one *Lockett,* alleging that they executed their note by the name and description of *Edmund Lockett,* and also a paragraph upon an account.

There was a default as to *Lockett.* *Maddox* answered, denying, &c. The denial, as to the execution of the note, was sworn to.

On the trial, the plaintiff offered *Lockett* as a witness. His introduction was objected to, and is now assigned as error.

We think he was a competent witness. 2 R. S. p. 96.— *Kincaid* v. *Purcell,* 1 Ind. R. 324.

During the progress of the trial, the defendant, *Maddox,* offered to prove that the witness, *Lockett,* had, on a trial in *October,* 1855, before a justice of the peace, testified that he and *Maddox* were not in partnership. The evidence was excluded, and, for aught we can see in the record, properly. The evidence is not in the record, and, therefore, we do not know whether there was any testimony from *Lockett,* or any other witness, as to a partnership. There may have existed a joint liability by these defendants without a partnership. But the ruling was correct for another reason. The note sued on is dated on the 22d

of *May*, 1855, and the account on the 21st of *March*, 1856. Nov. Term,
· The offer was to show that in *October*, 1855, he had testi- 1858.
fied they were not in partnership. If such testimony was THAYER
given, it may have been true, and yet they may have been THE STATE.
in partnership in *May*, 1855, and in *March*, 1856.

*Per Curiam.*—The judgment is affirmed, with 10 per
cent. damages and costs.

*W. A. Peelle*, for the appellant.

*J. R. Slack*, for the appellee.